UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

TIMOTHY KEITH JOHNSON                                                                    PLAINTIFF

v.                                                                  CIVIL ACTION NO. 3:12CV-P586-M

NELSON COUNTY JAIL et al.                                                              DEFENDANTS

**MEMORANDUM OPINION**

Plaintiff, Timothy Keith Johnson, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 (DN 1). On initial screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), the Court allowed Plaintiff a chance to amend to name Defendant(s) in his/their individual capacity(ies). Plaintiff has now filed an amended complaint naming as Defendants Dorthy Figg, Melissa Reynolds, and Kevin Davis (DN 10) in their individual capacities.[1]

**I. SUMMARY OF CLAIMS**

In his original complaint, Plaintiff alleged that the Nelson County Jail "let S[g]t. Trooper Kevin Davis come in my one man cell by himself and question and threatening about the where abouts of another fugitive. Melissa Reynolds give Kevin Davis keys to my cell. He went so far as to threatening me and my family." Plaintiff further alleged that due to previous threats on his life by Defendant Davis and Trooper Josh Adams, Plaintiff "feared for his life" and ran. He next states that, when he had given up, he dropped to his knees "and was hit with 4 tasers. Mr. Davis

---

[1] Plaintiff's original complaint named as Defendants the Nelson County Jail, the Kentucky State Police, and the Kentucky Department of Corrections (DOC), and in their official capacities Nelson County Jailer Dorthy (Dorcus) Figg; Nelson County Jail Captain Livers; Nelson County Jail Sergeant Melissa Reynolds; Kentucky State Police Trooper Kevin Davis; and "Department of Correction (prodution and parole)."

told other troopers to stop.  When they did Mr. Davis jumped on the back of my legs and starting beating my leg.  And he had punctured a hole in my left knee." Plaintiff further stated that his right leg was badly hurt, necessitating hospitalization.  Plaintiff alleged excessive force and retaliation.

In his amended complaint, Plaintiff states that on May 19th, he ran from Kentucky State Police and that when he finally gave up he was told to get on his knees by Defendant Davis.  He states that when he did four other officers tased him.  Defendant Davis then told the other officers to stop tasing him and began beating Plaintiff in his right calf and punctured a hole in his left knee.  Plaintiff states that, when Defendant Davis was done, the other four officers tased him again, resulting in Plaintiff defecating on himself.  He states that he was then taken out of the woods where he had been caught, hit in the head twice by an unknown sheriff, and transferred first to Flaget Hospital and then to the University of Louisville hospital.  Plaintiff states that several months prior, he had run from Defendant Davis and escaped, causing Defendant Davis to fall down and break his ankle while in pursuit; thus, Plaintiff claims Defendant Davis's actions were "excessive force and retaliation."

The amended complaint next alleges that on May 27, 2012, while in a one-man cell at Nelson County Jail, Defendant Reynolds gave Defendant Davis the keys to his cell.  Plaintiff states that Defendant Davis came into his cell and threatened Plaintiff and Plaintiff's little sisters.  Plaintiff alleges that Defendant Davis threatened that he and his sister would "get a lot of time" if Plaintiff did not tell him where another fugitive was.  Plaintiff states that he was already afraid of Defendant Davis because of an accusation he had made through Plaintiff's sister, whom he was dating.  Plaintiff states that Defendant Davis never read him his rights while he questioned

him.  The amended complaint asks for monetary damages.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1) and (2).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.  When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true.  *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002).  While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

*Claim regarding Defendant Figg*

The amended complaint makes no reference to Defendant Figg except to list her as a Defendant.  A complaint must explain how each defendant is personally responsible for the alleged injuries.  *Smith v. Rowe*, 761 F.2d 360, 369 (7th Cir. 1985).   Plaintiff's complaint fails to do so.  As such, this claim must be dismissed for a failure to state a claim.  *See Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (per curiam) (stating that personal involvement by

the defendant is an essential element in a § 1983 cause of action asserting a constitutional deprivation).

### *Excessive force claim against Defendant Davis regarding pursuit and capture*

A Fourth Amendment violation in the context of excessive force occurs when officers use more force than is "reasonably necessary" under the circumstances. *Cox v. Treadway*, 75 F.3d 230, 235 (6th Cir. 1996). This type of claim is analyzed under the "objective reasonableness" standard of the Fourth Amendment. *Graham v. Connor*, 490 U.S. 386, 388 (1989). The Court will allow this claim to go forward against Defendant Davis in his individual capacity.

### *Retaliation claim against Defendant Davis*

One of the requirements of a retaliation claim is that the plaintiff was engaging in constitutionally protected conduct. *Kennedy v. City of Villa Hills, Ky.*, 635 F.3d 210, 217 (6th Cir. 2011). Here, Plaintiff alleges that Defendant Davis retaliated against him because Plaintiff had successfully escaped from him earlier. Clearly, evading arrest is not constitutionally protected conduct. This claim will be dismissed by separate Order.

### *Excessive force claim against Defendant Davis while in cell*

Plaintiff alleges that Defendant Davis came into his cell and threatened Plaintiff and Plaintiff's little sisters, including a threat that he and his sister would "get a lot of time" if Plaintiff did not tell him where another fugitive was. Plaintiff states that he was frightened of Defendant Davis because of an accusation Plaintiff had heard from his sister. Plaintiff also alleges that Defendant Davis never read him his rights while he questioned him.

Mere verbal threats do not rise to the level of excessive force. *Giese v. Wichita Police Dep't*, No. 94-3439, 1995 WL 634173, at *2 (10th Cir. Oct. 30, 1995) ("Verbal threats during

4

questioning also do not constitute the use of excessive force."); *See Aderonmu v. Heavey*, No. 00 Civ. 9232, 2001 WL 77099, at *3 (S.D.N.Y. Jan 26, 2001) (interrogation at gun point does not amount to use of excessive force). Moreover, "[t]he failure to provide Miranda warnings, standing alone, cannot be the basis of a . . . Section 1983 action." *Aderonmu*, 2001 WL 77099, at *3. This claim will be dismissed by separate Order.

### *Claim against Defendant Reynolds*

The only allegation that Plaintiff makes regarding this Defendant is that Defendant Reynolds gave Defendant Davis the keys to his cell. Even were the Court to find that Defendant Davis's actions in the cell with Plaintiff rose to the level of excessive force, which the Court has not, Plaintiff has not alleged a constitutional wrongdoing against Defendant Reynolds. "[A]n officer's mere participation in events that include the use of excessive force is not itself sufficient grounds to impose liability." *Landis v. Galarneau*, 483 F. App'x 209, 211 (6th Cir. 2012). The claim against Defendant Reynolds will be dismissed by separate Order.

### III. <u>CONCLUSION</u>

For the foregoing reasons, the Court will by separate Order dismiss the claims against Defendants Figg and Reynolds and the claims against Defendant Davis involving his actions while in Plaintiff's cell and for retaliation. The Court will enter a Scheduling Order to govern the development of the excessive-force claims against Defendant Davis in his individual capacity

relating to Plaintiff's pursuit and capture. In allowing those claims to go forward, the Court expresses no opinion as to the ultimate merit of those claims.

Date: March 25, 2013

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: Plaintiff, *pro se*
  Defendants Figg, Reynolds, and Davis
  Nelson County Attorney
4414.009

6